IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA

ANITA DEBOARD,

    Plaintiff,

v.                                          Case No.:

SOUTHWEST AIRLINES CO.,
and JANE ANDERSON,

    Defendants.

_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, ANITA DEBOARD, sues the Defendants, SOUTHWEST AIRLINES CO., and JANE ANDERSON, and alleges the following:

1. This is an action for damages in excess of $30,000.00 exclusive of costs and interest.

2. Plaintiff ANITA DEBOARD is a resident of Hillsborough County, Florida.

3. Defendant SOUTHWEST AIRLINES CO. is foreign for-profit corporation authorized to conduct business in the State of Florida. Defendant may be served with process through its designated registered agent, The Prentice-Hall Corporation System, Inc., 1201 Hays Street, Tallahassee, FL 32301.

4. Defendant, JANE ANDERSON, is the flight attendant that negligently caused the injury to Plaintiff, her name and residence is currently unknown.

5. Venue is proper in this Court because the incident giving rise to the cause of action occurred in Hillsborough County.

**COUNT 1 – NEGLIGENCE AGAINST DEFENDANT SOUTHWEST AIRLINES CO.**

Plaintiff ANITA DEBOARD sues Defendant SOUTHWEST AIRLINES CO. and

realleges, affirms, and incorporates all prior allegations in this Complaint as though fully set forth herein.

6. On or about July 15, 2018, Plaintiff ANITA DEBOARD was lawfully aboard a flight operated by Defendant SOUTHWEST AIRLINES CO. flying from Indianapolis to Tampa International Airport on Flight 824.

7. At that time, Plaintiff ANITA DEBOARD was a business invitee of Defendant SOUTHWEST AIRLINES CO. and as such was owed the duties of care defined by Florida law.

8. Shortly after landing in Tampa, Florida, while the passengers were still buckled in, a Southwest Airlines flight attendant opened an overhead bin that resulted in a large piece of luggage falling on Plaintiff ANITA DEBOARD's head.

9. Defendant SOUTHWEST AIRLINES CO. owed its business invitees a duty to provide a reasonably safe environment.

10. Defendant SOUTHWEST AIRLINES CO., its agents, servants or employees, breached its duty owed to the Plaintiff by negligently opening an overhead bin so as to allow a large carry-on that had shifted during flight to fall on the Plaintiff.

11. Defendant SOUTHWEST AIRLINES CO., knew, or in the exercise of reasonable care, should have known, of the existence of the dangers of unsafely opening overhead bins due to luggage shifting during the flight, and in fact warns its passengers on every single flight to exercise a degree of care when opening the oversized bins themselves.

12. As a direct and proximate result of the negligence described above, Plaintiff ANITA DEBOARD suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn

money, and/or aggravation of a previously existing condition. These losses are either permanent or continuing and Plaintiff ANITA DEBOARD will continue to suffer losses in the future.

WHEREFORE, Plaintiff ANITA DEBOARD demands judgment for damages against Defendant SOUTHWEST AIRLINES CO. plus interest, costs, and any other relief the Court deems just and proper. Plaintiff further demands a trial by jury of all issues so triable in this action.

## COUNT II – NEGLIGENCE AGAINST DEFENDANT JANE ANDERSON

Plaintiff ANITA DEBOARD sues Defendant JANE ANDERSON and realleges, affirms, and incorporates all prior allegations in this Complaint as though fully set forth herein.

13. Defendant JANE ANDERSON owed a duty of care to Plaintiff ANITA DEBOARD to provide a reasonably safe environment on the flight.

14. Defendant, JANE ANDERSON, breached its duty owed to the Plaintiff by negligently opening an overhead bin so as to allow a large carry-on that had shifted during flight to fall on the Plaintiff.

15. Defendant JANE ANDERSON knew, or in the exercise of reasonable care, should have known, of the existence of the dangers of unsafely opening overhead bins due to luggage shifting during the flight, and in fact warns its passengers on every single flight to exercise a degree of care when opening the oversized bins themselves.

16. As a direct and proximate result of the negligence described above, Plaintiff ANITA DEBOARD suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and/or aggravation of a previously existing condition. These losses are either permanent or continuing and Plaintiff ANITA DEBOARD will continue to suffer losses in the future.

WHEREFORE, Plaintiff ANITA DEBOARD demands judgment for damages against Defendant JANE ANDERSON, plus interest, costs, and any other relief the Court deems just and proper. Plaintiff further demands a trial by jury of all issues so triable in this action.

Respectfully submitted on August 7, 2020.

              **PERRY & YOUNG, P.A.**

**By:** */s/ Phillip Stamman*
    **Phillip Stamman, Esq.**
    **Florida Bar No.: 1010441**
    **pstamman@perry-young.com**
    **H. Les McFatter, Esq.**
    **Florida Bar No.: 147362**
    **lmcfatter@perry-young.com**

    **200 Harrison Ave**
    **Panama City, FL  32401**
    **Phone:  850-215-7777**
    **Facsimile:  850-215-4777**
    **Attorneys for the Plaintiff**

    **Secondary e-mail addresses:**
    **nbuckley@perry-young.com**
    **eservice@perry-young.com**

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA

ANITA DEBOARD,

    Plaintiff,

v.                                            Case No.:

SOUTHWEST AIRLINES CO.,
and JANE ANDERSON,

    Defendants.
_____/

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## TO DEFENDANT SOUTHWEST AIRLINES CO,

    Plaintiff ANITA DEBOARD hereby requests Defendant SOUTHWEST AIRLINES CO. to answer the following interrogatories, in writing and under oath, within the time and in the manner required by Florida Rules of Civil Procedure:

## DEFINITIONS

    A.    "PLAINTIFF" shall mean and refer to the individual or corporate Plaintiff, his/hers/its or their agents, attorneys, employees or representatives.

    B.    "YOU" and "YOURS" shall mean and refer to the individual, corporate, or governmental Defendant and all of his/hers/its agents, attorneys, employees or representatives.

    C.    "DEFENDANT" shall mean either one or all of the Defendants in the above-styled cause of action and include all of the Defendants, the respective divisions, predecessors, subsidiaries or successors in interest, and any directors, employees, officers, agents, partners, attorneys, or representatives of any of them.  When making reference to a specific Defendant, the specific Defendant to which you are referring should be clearly identified.

    D.    "DOCUMENT" is intended to have the broadest permissible meaning under the Florida Rules of Civil Procedure, and includes, without limitation, any written, printed, recorded tape, graphic, or any matter of whatever nature or whatever form including all non-identical copies and drafts thereof and all copies bearing notations or marks not found on the original.

    E.    "PERSON" or "ENTITY", unless otherwise specified, means a natural person, firm, partnership, trust, estate, association, corporation, proprietorship, governmental body, governmental agency or commission or any other organization or entity.

  F. "RELATE TO" or "RELATING TO" shall be construed to include "refer to," "summarizes," "constitutes," "contains," "studies," "analyzes," "considers," "explains," "mentions," "shows," "discusses," "describes," or "comments upon" and vice versa as it relates to said terms or phrases.

  G. When names are requested, names shall include the full name, social security number (if a United States citizen), passport country and number (if not a United States citizen), together with the current address for such person.

  H. When addresses are requested, the address shall be complete and current address naming the street and street number, together with the city, county and state for such address.

  I. <u>Matters of Privilege.</u>  In the event you wish to assert "attorney/client privilege," "work product doctrine" or any other privileges to any documents or communications requested by any of the following Interrogatories, then as to each document or communication subject to such assertion, you are requested to provide an identification of such document or communication sufficient identification to include: the nature of the document or communication, the instigator or sender of said communication or document, the recipient or all of the parties involved in the production of said document or communication, the date, the name of each person to whom the original of said document was sent or may have been present at the time of said communication, a brief summary of the document or communication or its subject matter with sufficient detail to permit the Court to reach a determination in the event a Motion to Compel is required, and indication of the basis for the assertion for said privilege.

## **INTERROGATORIES**

1. Identify the person(s) answering these interrogatories, and, if applicable, the person's official position or relationship with the party to whom the interrogatories are directed?
**ANSWER:**

2. Describe any and all policies of insurance which you contend cover or may cover you for the allegations set forth in plaintiff's complaint, detailing as to such policies; the name of the insurer, number of the policy, the effective dates of the policy, the available limits of liability, and the name and address of the custodian of the policy.
**ANSWER:**

3. Describe in detail how the incident described in the Complaint happened, including all actions taken by you to prevent the incident.
**ANSWER:**

4. Identify each and every agent or employee of Defendant SOUTHWEST AIRLINES that was on Flight 824 heading to Tampa International Airport on July 15, 2018, list:

    a. His/her position;
    b. the period of time during which he/she held the position;
    c. his/her duties;
    d. the extent of what he/she saw, heard, or noticed regarding the incident;
    e. his/her location in relation to the place of the incident; and
    f. the statements, either oral or written, given by him/her concerning the incident, including to whom the statement was given, in what form it was given, and who is its present custodian.
    g. His/her current address and telephone number.

**ANSWER:**

5. Identify which Southwest flight attendant opened the overhead bin described in the Complaint and referred to as JANE ANDERSON. List the person's address and relationship to the Defendant.

    **ANSWER:**

6. Identify each and every person known to you who witnessed the incident. After each name, list the person's address and relationship, if any to the Defendant.
    **ANSWER**

7. Give a detailed account of the Plaintiff's appearance immediately after the alleged incident, describing:

    a. her physical condition, including any apparent signs of injury, bleeding, bruises, cuts or abrasions;
    b. her apparent emotional or mental condition (e.g., whether she was crying, screaming, talking, complaining of pain, requesting help); and
    c. the appearance of her clothing (torn, dirty, disheveled, neat).

    **ANSWER**

8. Describe in detail each act or omission on the part of any party to this lawsuit that you contend constituted negligence that was a contributing legal cause of the incident in question.
   **ANSWER:**

9. State the facts upon which you rely for each affirmative defense in your answer.
   **ANSWER:**

10. Do you contend any person or entity other than you is, or may be, liable in whole or part for the claims asserted against you in this lawsuit? IF so, state the full name and address of each such person or entity, the legal basis for your contention, the facts or evidence upon which your contention is based, and whether or not you have notified each such person or entity of your contention.
    **ANSWER:**

11. Have you heard of or do you know about any statement or remark made by or on behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit? If so, please state the name and address of each person who made the statement or statements, the name and address of each person who heard it, and the date, time, place, and substance of each statement.
    **ANSWER:**

12. State the name and address of every person known to you, your agents, or your attorneys who has knowledge about, or possession, custody or control of any model, plat, map, drawing, motion picture, videotape, or photograph pertaining to any fact or issue involved in this controversy; and describe as to each, what item such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.
**ANSWER:**

13. What are the specific steps and procedures Defendant flight attendants must follow when opening overhead bins.
**ANSWER**

14. List everything you did to avoid the incident.
**ANSWER**

15. For any Request for Admission you deny, please state the number of the Request for Admission and state with specificity your basis for denial.
**ANSWER:**

## **AFFIDAVIT**

STATE OF _____

COUNTY OF _____

    I, _____, do hereby depose and state that the answers set forth to the forgoing interrogatories are true and correct.

    Dated this \_\_\_\_ day of _____, 2020.

    _____

    By: _____

    For:  SOUTHWEST AIRLINES CO.

STATE OF _____

COUNTY OF_____

    SWORN TO AND SUBSCRIBED BEFORE ME, the undersigned authority, on       this \_\_\_ day of _____, 2020, by _____, as the duly authorized representative of SOUTHWEST AIRLINES CO. who is personally known to me or who has produced _____ as identification.

_____
Name of Notary (type or print)
NOTARY PUBLIC
My Commission Expires:
Commission Number